Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| SUCN. ALCIDES RÍOS JORDÁN Y OTROS<br><br>Recurrida<br><br>v.<br><br>JAVIER RÍOS JORDÁN Y OTROS<br><br>Peticionario | KLCE202400981 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Utuado<br><br>Sobre: Cobro de Dinero<br><br>Caso Número: L CD2015-0052 |

Panel integrado por su presidenta, la Juez Domínguez Irizarry, la Juez Grana Martínez y el Juez Pérez Ocasio

Domínguez Irizarry, Juez Ponente

## **RESOLUCIÓN**

En San Juan, Puerto Rico, a 28 de octubre de 2024.

El peticionario, señor Javier Ríos Jordán, comparece ante nos para que dejemos sin efecto la *Resolución* emitida por el Tribunal de Primera Instancia, Sala de Utuado, el 19 de julio de 2024, notificada el 22 de julio de 2024. Mediante la misma, el foro primario dio por contestado un interrogatorio cursado por el aquí peticionario, ello dentro de un pleito sobre cobro de dinero promovido por la Sucesión Alcides Ríos Jordán, compuesta por Yeidee Ríos Maldonado, Sonia Maldonado Ayala, Joel Ríos Maldonado y Sonia Ríos Maldonado.

Por los fundamentos que expondremos a continuación, se deniega la expedición del auto solicitado.

**I**

El peticionario recurre de una *Resolución* notificada el 22 de julio de 2024. Conforme surge de la misma, el foro primario atendió una controversia relacionada a la firma del juramento de la contestación a un interrogatorio cursado por el peticionario a la tercera demandada, la señora Yeidee Ríos Maldonado. Tras determinar que no resultaba meritoria la celebración de una vista evidenciaria, toda vez que el Notario autorizante certificó, bajo

Número Identificador

RES2024 _____

juramento, que la tercera demandada en el pleito suscribió la juramentación del referido pliego en su presencia, el Tribunal de Primera Instancia dio por contestado el interrogatorio en controversia.

Inconforme, y luego de denegada una previa solicitud de reconsideración, el 12 de septiembre de 2024, el peticionario compareció ante nos mediante el presente recurso de *certiorari.* Procedemos a disponer del mismo a la luz de la norma que atiende su adecuado trámite en alzada.

**II**

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, expresamente delimita la intervención de este Tribunal para evitar la revisión judicial de aquellas órdenes o resoluciones que dilatan innecesariamente el curso de los procesos. *Rivera v. Joe's European Shop*, 183 DPR 580, 594. (2011). En lo pertinente, la referida disposición reza como sigue:

. . . . . . . .

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 de este apéndice o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.
> . . . . . . . .
>
> 32 LPRA Ap. V, R. 52.1.

El entendido doctrinal vigente de la precitada disposición establece que, su inserción en nuestro esquema procesal, aun

cuando obedece al propósito de delimitar las circunstancias en las que el foro intermedio habrá de intervenir con resoluciones u órdenes interlocutorias emitidas por el tribunal primario, asegura la revisión apelativa, mediante el recurso de *certiorari*, en situaciones meritorias constitutivas de excepción. *Job Connection Center v. Sups. Econo,* 185 DPR 585, 593 (2012). Así, cuando, en el ejercicio de su discreción, este Foro entienda que determinada cuestión atenta contra intereses protegidos, o desvirtúa el ideal de justicia, viene llamado a entender sobre la misma.

Por su parte, sabido es que el recurso de *certiorari* es un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un foro inferior. *Rivera et al. v. Arcos Dorados et al.,* 212 DPR 194, 207 (2023); *Torres González v. Zaragoza Meléndez,* 211 DPR 821, 847 (2023); *Caribbean Orthopedics v. Medshape et al.,* 207 DPR 994, 1004 (2021); *800 Ponce de León v. AIG,* 205 DPR 163, 174 (2020); *Medina Nazario v. McNeil Healthcare LLC,* 194 DPR 723, 728 (2016); *IG Builders et al. v. BBVAPR,* 185 DPR 307, 337-338 (2012). Mediante la presentación de un recurso de *certiorari* se pretende la revisión de asuntos interlocutorios que han sido dispuestos por el foro de instancia en el transcurso y manejo del caso que atienden. Distinto al ejercicio de sus funciones respecto a un recurso de apelación, el tribunal al que se recurre mediante el vehículo procesal del recurso de *certiorari* tiene discreción para atender el asunto planteado, ya sea expedir el auto solicitado o denegarlo. *800 Ponce de León v. AIG,* supra; *Rivera Figueroa v. Joe's European Shop,* 183 DPR 580, 593 (2011); *Pueblo v. Díaz de León,* 176 DPR 913, 917 (2009); *García v. Padró,* 165 DPR 324, 334 (2005).

La Regla 40 del Reglamento de este Tribunal establece los criterios que debemos considerar al momento de ejercer nuestra facultad discrecional. Estos son:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

4 LPRA Ap. XXII-B, R. 40.

Ahora bien, la correcta consecución de la justicia necesariamente conlleva reconocer a los juzgadores de los foros primarios un amplio margen de deferencia respecto al ejercicio de sus facultades adjudicativas dentro del proceso que dirigen. De ordinario, el criterio judicial empleado en el manejo de un caso al emitir pronunciamientos de carácter interlocutorio está revestido de gran autoridad. De ahí la premisa normativa que califica la tramitación de los asuntos en el tribunal primario como una inherentemente discrecional del juez. Siendo así, y sin apartarse de los preceptos pertinentes al funcionamiento del sistema judicial, el adjudicador concernido está plenamente facultado para conducir el proceso que atiende conforme le dicte su buen juicio y discernimiento, siempre al amparo del derecho aplicable. *In re Collazo I,* 159 DPR 141, 150 (2003). Cónsono con ello, sabido es que los tribunales apelativos no "deben intervenir con determinaciones emitidas por el foro primario y sustituir el criterio utilizado por éste en el ejercicio de su discreción, salvo que se pruebe que actuó con

prejuicio o parcialidad incurrió en craso abuso de discreción o en error manifiesto". *Citibank et al v. ACBI et al.*, 200 DPR 724, 736 (2018).

**III**

La causa de epígrafe versa sobre una determinación judicial de carácter interlocutorio, propia a la discreción del juzgador de hechos y a la adecuada tramitación de un caso. Al examinar el dictamen en controversia, ello a la luz de lo estatuido en la precitada Regla 52.1 de Procedimiento Civil, *supra,* se desprende que el mismo no está inmerso en las instancias contempladas por el legislador, a los fines de que este Foro pueda entender sobre un recurso de *certiorari.* Mediante su comparecencia, el peticionario propone que intervengamos en un asunto relacionado al descubrimiento de prueba, materia que, como norma, queda excluida del ejercicio de nuestras facultades en esta etapa de los procedimientos.

El alcance de nuestra autoridad en recursos como el de autos, está expresamente delimitado por el ordenamiento civil vigente. Siendo así, no estamos legitimados para emitir pronunciamiento alguno en cuanto a los méritos de la presente controversia. Además, el peticionario no demostró que, de no actuar respecto a su solicitud en alzada, habría de producirse fracaso a la justicia. En este sentido, destacamos que la expedición de un recurso de *certiorari* es un asunto sujeto al ejercicio discrecional de las funciones que, mediante ley, fueron arrogadas a este Tribunal. La ejecución de dicha reserva de criterio está delineada por lo dispuesto en la Regla 40*, supra,* disposición que nos invita a actuar de manera juiciosa en cuanto a las determinaciones interlocutorias recurridas, de modo que no intervengamos, sin justificación alguna, con el curso de los procedimientos en el tribunal de origen. Por tanto, en ausencia de condición alguna que mueva nuestro criterio a estimar que, en el más sano quehacer de

justicia, este Foro debe intervenir en la causa de epígrafe, denegamos la expedición del auto solicitado.

**IV**

Por los fundamentos que anteceden, se deniega la expedición del recurso de *certiorari* solicitado.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones